PROB 12C
(7/93)

# United States District Court
## for the
## District of Alaska

**Petition for Warrant or Summons for Offender Under Supervised Release**

*RECEIVED APR 23 2007 CLERK, U.S. DISTRICT COURT ANCHORAGE, A.K.*

Name of Offender: Annie B. Shinault            Case Number: 3:01-cr-00131-JKS

Sentencing Judicial Officer:       James K. Singleton, Senior U.S. District Court Judge

Date of Original Sentence:         February 19, 2002

Original Offense:                  Felon in Possession of a Firearm, 21 U.S.C. § 922(g)

Original Sentence:                 51 months imprisonment, 3 years supervised release

Date Supervision Commenced:        May 5, 2006

Asst. U.S. Attorney: Audrey Renschen            Defense Attorney: Mary Geddes

---

### PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on March 21, 2007, the defendant failed to report to the U.S. Probation/Pretrial Services Office for a scheduled urinalysis test. This violation is a Grade C violation. |
| | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on April 9, 2007, the defendant failed to report to the U.S. Probation/Pretrial Services Office for a scheduled urinalysis test. This violation is a Grade C violation. |
| 3 | The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on April 16, 2007, this officer was informed by a manager at the Best Western Barrett Inn, the defendant's reported employer, that she is no longer employed there. On April 23, 2007, this officer spoke with an employee at the Best Western Barrett Inn, and she reported that the defendant has not worked there for approximately a month. To date, the defendant has not reported the change in employment. This violation is a Grade C violation. |

Case 3:01-cr-00131-JKS-JDR   Document 30 (Court only)   Filed 04/23/2007   Page 2 of 5

*Petition for Warrant or Summons*
*Name of Offender*   :   *Annie B. Shinault*
*Case Number*   :   *3:01-cr-00131-JKS*

| | |
|---|---|
| 4 | The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten days prior to any change of residence or employment," in that on April 17, 2007, this officer spoke with the defendant's apartment manager who reported that the defendant is still a tenant at her reported residence; however, he reported that until the previous day, it appeared that the defendant was not staying at her reported residence. This violation is a Grade C violation. |
| 5 | The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that as of April 23, 2007, the defendant has not submitted her March 2007 monthly report. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

Respectfully submitted,

**REDACTED SIGNATURE**

Chris Liedike
U.S. Probation/Pretrial Services Officer
Date: April 23, 2007

Approved by:

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation Officer

-2-

Petition for Warrant or Summons
Name of Offender      :   Annie B. Shinault
Case Number           :   3:01-cr-00131-JKS

THE COURT ORDERS

[]  *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.*  The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  Other:



**REDACTED SIGNATURE**

James K. Singleton
Senior U.S. District Court Judge

4/23/07
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio*, 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>) | Case Number: 3:01-cr-00131-JKS |
| )<br>vs.  )<br>)<br>) | DECLARATION IN SUPPORT OF PETITION |
| Annie B. Shinault                              ) | |

I, Chris Liedike, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Annie B. Shinault, and in that capacity declare as follows:

On February 19, 2002, the Court sentenced the defendant to 51 months imprisonment and three years supervised release. The Court imposed mandatory, standard, and several special conditions of supervised release.

On May 5, 2006, the defendant was released from the custody of the Bureau of Prisons and the defendant's supervised release commenced. On this date, the defendant met with Supervising U.S. Probation Officer Eric Odegard and the conditions of her supervised release were covered with her and she was placed on a drug testing schedule.

On March 21, 2007, the defendant was schedule to the U.S. Probation/Pretrial Services Office for drug testing, and she failed to appear.

On April 9, 2007, the defendant was schedule to the U.S. Probation/Pretrial Services Office for drug testing, and she failed to appear.

On April 16, 2007, this officer contacted the defendant's reported employer was informed by a manager at the Best Western Barrett Inn that she is no longer employed there.

On April 17, 2007, this officer spoke with the defendant's apartment manager who reported that the defendant is still a tenant at her reported residence; however, he reported that until the previous day, it appeared that the defendant was not staying at her reported residence for approximately a week. To date, this officer has attempted to contact the defendant on her reported telephone with no success, and this officer has driven by her residence on several occasions and her vehicle has not been there.

On April 20, 2007, this officer drove by the defendant's reported residence and her vehicle was

not in the driveway. This officer checked various hotels and observed the defendant's vehicle parked in the parking lot of a local hotel at approximately 11:00 a.m.

On April 23, 2007, this officer spoke with an employee at the Best Western Barrett Inn, and she reported that the defendant has not worked there for approximately a month. To date, the defendant has not reported the change in employment.

As of April 23, 2007, the defendant has not submitted her March 2007 monthly supervision report.

Executed this 23rd day of April, 2007, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

\_\_REDACTED SIGNATURE\_\_
Chris Liedtke
U.S. Probation Officer