# United States District Court
## for the
# District of Alaska
### Supplemental Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Annie Shinault                      Case Number: 3:01-cr-00131-JKS

Sentencing Judicial Officer:        James K. Singleton, Senior U.S. District Court Judge

Date of Original Sentence:          February 19, 2002

Original Offense:                   Felon in Possession of a Firearm, 21 U.S.C. § 922(g)

Original Sentence:                  51 months imprisonment, 3 years supervised release

Date Supervision Commenced:         May 5, 2006

Asst. U.S. Attorney: Audrey Renschen            Defense Attorney: Mary Geddes

---

## PETITIONING THE COURT

[X]   To issue a warrant (Warrant already issued on April 23, 2007)
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 6 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not possess a firearm, destructive device, or any other dangerous weapon," in that on April 24, 2007, the defendant was found in possession of a firearm. This violation is a Grade C violation. |
| 7 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on April 24, 2007, the defendant committed another federal, state, or local crime, in that the defendant possessed a firearm being a felon in violation of 18 U.S.C. § 922(g)(1). This violation is a Grade B violation. |
| 8 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on April 24, 2007, the defendant was found to be in possession of a variety of drug paraphernalia. This violation is a Grade C violation. |

*Petition for Warrant or Summons*
Name of Offender        :       *Annie Shinault*
Case Number             :       *3:01-cr_00131-JKS*

| | |
|---|---|
| 9 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on April 24, 2007, the defendant admitted to U.S. Probation/Pretrial Services officers that she had used an illegal controlled substance and would test positive for a controlled substance.  This violation is a Grade C violation. |
| 10 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that On April 20, 2007, the defendant was charged with Misconduct Involving Weapons in the Third Degree in the Alaska Trial Courts, case number 3AN-07-4191CR.  This violation is a Grade A violation. |
| 11 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that On April 20, 2007, the defendant was charged with two counts of Kidnaping, two counts of Assault in the Third Degree, one count of Sexual Assault in the First Degree, one count of Misconduct Involving Weapons in the Third Degree, two counts of Assault in the Fourth Degree, and one count of Harassment in the Second Degree. in the Alaska Trial Courts, case number 3AN-07-4047CR. This violation is a Grade A violation. |
| 12 | The defendant has violated the Standard Condition of Supervision 9, "The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer." in that on April 20, 2007, during the course of committing new crimes, the defendant was associating with two other individuals, who have also been charged with many of the same crimes as the defendant, while all or some of the crimes were being committed by all parties. |

Respectfully submitted,

REDACTED SIGNATURE

Chris Liedike
U.S. Probation/Pretrial Services Officer
Date: July 18, 2007

Approved by:

**REDACTED SIGNATURE**
_____
Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[ ]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[X]   Other: The Petition for Warrant or Summons for Offender Under Supervised Release at Docket 30-1 is hereby supplemented with the above seven allegations (i.e. allegations six through 12).

**REDACTED SIGNATURE**
_____
James K. Singleton
Senior U.S. District Court Judge

07/23/2007
_____
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio*, 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was

*Petition for Warrant or Summons*
*Name of Offender        :        Annie Shinault*
*Case Number             :        3:01-cr_00131-JKS*

imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
## DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case Number: 3:01-cr-00131-JKS |
| ) | |
| ) | SUPPLEMENTAL |
| vs.  ) | DECLARATION IN SUPPORT OF PETITION |
| ) | |
| Annie B. Shinault  ) | |

I, Chris Liedike, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Annie B. Shinault, and in that capacity declare as follows:

On February 19, 2002, the Court sentenced the defendant to 51 months imprisonment and three years supervised release. The Court imposed mandatory, standard, and several special conditions of supervised release.

On May 5, 2006, the defendant was released from the custody of the Bureau of Prisons and the defendant's supervised release commenced. On this date, the defendant met with Supervising U.S. Probation Officer Eric Odegard and the conditions of her supervised release were covered with her and she was placed on a drug testing schedule.

On March 21, 2007, the defendant was schedule to the U.S. Probation/Pretrial Services Office for drug testing, and she failed to appear.

On April 9, 2007, the defendant was schedule to the U.S. Probation/Pretrial Services Office for drug testing, and she failed to appear.

On April 16, 2007, this officer contacted the defendant's reported employer was informed by a manager at the Best Western Barrett Inn that she was no longer employed there.

On April 17, 2007, this officer spoke with the defendant's apartment manager who reported that the defendant was still a tenant at her reported residence; however, he reported that until the previous day, it appeared that the defendant was not staying at her reported residence for approximately a week. At that time, this officer has attempted to contact the defendant on her reported telephone with no success, and this officer had driven by her residence on several occasions and her vehicle had not been there.

On April 20, 2007, this officer drove by the defendant's reported residence and her vehicle was not in the driveway. This officer checked various hotels and observed the defendant's vehicle parked in the parking lot of a local hotel at approximately 11:00 a.m.

On April 23, 2007, this officer spoke with an employee at the Best Western Barrett Inn, and she reported that the defendant has not worked there for approximately a month. To date, the defendant has not reported the change in employment.

As of April 23, 2007, the defendant had not submitted her March 2007 monthly supervision report.

On April 23, 2007, an Indictment, case number 3AN-07-4047CR, was filed in open court with the Alaska Trial Courts for the State of Alaska charging the defendant with two counts of Kidnaping, two counts of Assault in the Third Degree, one count of Sexual Assault in the First Degree, and one count of Misconduct Involving Weapons in the Third Degree. Additionally on April 25, 2007, an Information Adding Misdemeanor Counts to Indictment was filed in the State of Alaska charging the defendant with two counts of Assault in the Fourth Degree and one count of Harassment in the Second Degree.

On April 24, 2007, the defendant was contacted by the Anchorage Police Department (APD) during a traffic stop and was taken into custody due to state and federal warrants. This officer was contacted by APD at the time of contact with the defendant. When this officer arrived on the scene, the defendant was in the back of an APD patrol car. At this time, I asked the defendant about drug use and the defendant admitted to having relapsed and using crack and would test positive. This officer with the assistance of two fellow officers conducted a search of the defendant's vehicle and later the defendant's residence. During the search, the following items were found and seized from the vehicle: 1) glass pipe; 2) Razor blade with residue; 3) plastic tube with residue; 4) clear plastic bag w/ residue; 5) butane lighter; 6) .22 cal handgun with a magazine containing three rounds (serial #258153); 7) two cell phones; 8) knife; 9) container with pills; 10) torch; 11) crack stem; 12) baggie with residue; 13) vial; 14) butane; 15) digital scale; 16) gloves; 17) glass pipe; 18) keys. The following items were found and seized from the defendant's residence: 1) digital scale with residue; 2) plastic tubing; 3) three glass vials/tubes; 4) plastic glove; 5) plastic baggie with white rocks resembling crack.

On April 25, 2007, an Information, case number 3AN-07-4191CR, was filed in open court with the Alaska Trial Courts for the State of Alaska, charging the defendant with Misconduct Involving Weapons in the Third Degree.

Executed this 18th day of July, 2007, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.



Chris Liedike
U.S. Probation Officer